UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 11584 PBS

MAGISTRATE JUDGE Bowler

SOUTHWESTERN BELL MOBILE SYSTEMS
LLC

        Plaintiff

v.

CHRISTOPHER P. KUHN,

        Defendant

COMPLAINT
AND JURY DEMAND

RECEIPT #
AMOUNT $ 150.00
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 7/15/04

## INTRODUCTION

Plaintiff seeks a declaratory judgment setting forth the parties' rights and obligations under a written lease agreement. Plaintiff's claim for relief arises out of Defendant's contention that he has the right to take possession of a cellular telephone tower and equipment located in West Falmouth, Massachusetts. The Plaintiff contends that the Defendant has no such right, and brings this suit in order to obtain a declaration of its ownership rights in the cellular tower and equipment.

## PARTIES

1.    Plaintiff, Southwestern Bell Mobile Systems LLC ("SBMS") is a Delaware Limited Liability Company with a principal place of business at 5565 Glenridge Connector, Atlanta, Georgia.

2.    Defendant Christopher P. Kuhn ("Kuhn") is an individual with a principal place of residence at 578 Huckins Neck Road, Centerville, Massachusetts.

## JURISDICTION AND VENUE

3.    Jurisdiction is conferred upon this court by 28 U.S.C. §1332(a)(2) because the amount in controversy exceeds $75,000 and there is diversity between the parties. Venue is

proper in this jurisdiction under 28 U.S.C. §1391(a) because all of the events giving rise to the claim occurred in Massachusetts.

## ALLEGATIONS

4.      On or about March 8, 1996, Southwestern Bell Mobile Systems, Inc. d/b/a Cellular One entered into a written lease agreement (the "Agreement") with Kuhn for the lease of certain real property in West Falmouth, Massachusetts for the purpose of constructing a cellular telephone tower thereon.  A true and complete copy of the Agreement is attached hereto as Exhibit A.

5.      SBMS is the corporate successor to Southwestern Bell Mobile Systems, Inc., and the assignee of all of Southwestern Bell Mobile Systems, Inc.'s rights and obligations under the Agreement.  SBMS is an indirect, wholly owned subsidiary of Cingular Wireless LLC.  Cingular Wireless LLC is a nationwide provider of Commercial Mobile Radio Service as defined by the Federal Communications Commission.

6.      The Agreement provided for the lease of certain real property in West Falmouth, Massachusetts by SBMS from Kuhn for the purpose of constructing a cellular tower and placing related equipment thereupon.  The Agreement provided for an initial ten (10) year term with options to renew for two additional five (5) year terms, for a total maximum lease term running through 2016.

7.      The Agreement further provided that, upon termination of the Agreement, Kuhn shall take possession of the equipment building, tower, tower foundation, generator, security fence and power meter that SBMS was to place upon the property for purposes of operating a mobile cellular site.

8.      The Agreement further provided that SBMS was to make monthly lease payments to Kuhn.

9.      At all times, SBMS made the appropriate lease payments to Kuhn.

-2-

10.     Mr. Kuhn has since claimed that he did not receive all of the lease payments, and claims that he is entitled to take possession of the cellular tower and equipment immediately.

11.     The cellular tower and equipment at issue is critical to Cingular Wireless LLC's ability to continue to provide Commercial Mobile Radio Service to the public, and to continue to operate the federally mandated "E-911" public safety system.

## COUNT I

## DECLARATORY JUDGMENT

12.     SBMS repeats and incorporates herein the allegations contained in Paragraphs 1 through 11.

13.     SBMS seeks a determination of the parties' respective rights and obligations under the Agreement pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201-2202 and the Massachusetts Declaratory Judgment Act, M.G.L., c. 231A §1-2.

14.     A dispute has arisen between SBMS and Kuhn as to their respective rights and obligations under the Agreement.

15.     SBMS contends that the Agreement is in full force and effect; that SBMS is not in breach thereof; and that the cellular tower and equipment continue to be the personal property of SBMS. Kuhn contends that SBMS is in default of the Agreement and that title to SBMS' personal property has passed to him.

16.     An actual controversy exists between the parties as to their legal rights and obligations under the Agreement, and with respect to the tower and equipment at issue. The rights of the parties under the Agreement can best be determined by declaratory judgment.

## COUNT II

### MASS.GEN.L. C. 93A, SECTIONS 2 AND 11

17.    SBMS repeats and incorporates herein the allegations contained in
Paragraphs 1 through 16.

18.    At all relevant times, Kuhn was engaged in trade or commerce within the
Commonwealth of Massachusetts.

19.    Kuhn's actions giving rise to SBMS' claims were made primarily and
substantially within the Commonwealth of Massachusetts.

20.    Upon information and belief, Kuhn has fabricated a lease dispute between
the parties in order to (i) unlawfully terminate SBMS' rights in the real property; (ii)
unlawfully claim possession of SBMS' tower and equipment; or (iii) create unlawful
leverage in order to renegotiate the terms of the Agreement.  Such actions constitute unfair
or deceptive acts or practices on the part of Kuhn while engaged in trade or commerce,
giving rise to a violation of Mass.Gen.L. c. 93A Sections 2 and 11.

21.    As a result of Kuhn's violation of Mass.Gen.L. c. 93A Sections 2 and 11,
SBMS has suffered damage.

WHEREFORE, Plaintiff respectfully requests that this court:

A)    Declare that:

    i)    SBMS is not in default under the Agreement;

    ii)    The Agreement is in full force and effect;

    iii)    The cellular tower and related equipment continue to be the personal
       property of SBMS; and

    iv)    Kuhn has no right to title of the tower or related equipment.

B)    Enter an award of damages in SBMS' favor under Mass.Gen.L. c. 93A,
    Sections 2 and 11;

-4-

C)  Treble any award of damages and award attorney's fees and costs pursuant
    to Mass.Gen.L. c. 93A, Sections 2 and 11;

D)  Grant the Plaintiff its reasonable attorney's fees and costs for having to bring
    this action; and

E)  Grant such other and further relief as this Court deems just and proper.

        ***SBMS demands a trial by jury on all issues so triable.***

                            Southwestern Bell Mobile Systems LLC

                            By its attorneys.


                            _____
                            Jonathan Sablone, BBO #632998
                            Juan A. Concepcion, BBO #658908
                            NIXON PEABODY LLP
                            100 Summer Street
                            Boston, MA  02110-2131
                            (617) 345-1000

Dated: July 15, 2004

BOS1399588.1

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Southwestern Bell Mobile Systems LLC

## DEFENDANTS
Christopher P. Kuhn

(b) County of Residence of First Listed Plaintiff  Atlanta, GA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan Sablone
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000

Attorneys (If Known)

04  11584 PBS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☒ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | or Defendant) | Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Greater than $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE  7/15/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) <u>Southwestern Bell Mobile Systems LLC v. Christopher</u>
    <u>P. Kuhn</u>

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

    local rule 40.1(a)(1)).

    [ ]   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    [X]   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    [ ]   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    [ ]   V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    None

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See
    28 USC §2403)
                                                                    YES [ ]    NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES [ ]    NO [X]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES [ ]    NO [X]

7.  Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).
                                                                    YES [X]    NO [ ]

    A.    If yes, in which division do <u>all</u> of the non-governmental parties reside?

          Eastern Division  [X]        Central Division  [ ]        Western Division  [ ]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
          agencies, residing in Massachusetts reside?

          Eastern Division  [ ]        Central Division  [ ]        Western Division  [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)
                                                                    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  <u>Jonathan Sablone</u>

ADDRESS <u>Nixon Peabody LLP, 100 Summer Street, Boston, MA   02110</u>

TELEPHONE NO. <u>(617) 345-1000</u>

(Coversheetlocal.wpd - 10/17/02)