UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SOUTHWESTERN BELL ) | |
| MOBILE SYSTEMS, LLC, ) | |
| Plaintiff ) | |
| v. ) | ANSWER AND JURY DEMAND |
| ) | |
| CHRISTOPHER P. KUHN, ) | |
| Defendant ) | |

**NOW COMES** the Defendant Christopher P. Kuhn in answer to the Complaint of Southwestern Bell Mobile Systems, LLC.

### Introduction

The statements made in the plaintiff's introductory paragraph does not comply with the requirements of Fed. R. Civ. P. 10(b) and therefore no answer is required. To the extent that an answer is required, the assertions therein are denied.

### Parties

1. The defendant is without sufficient information to admit or deny the allegations in paragraph 1 and calls upon the plaintiff to prove the same.

2. The defendant denies that he admits the allegations in plaintiff's paragraph 2.

### Jurisdiction and Venue

3. The defendant admits the allegations in plaintiff's paragraph 3.

### Allegations

4. The defendant admits the allegations in plaintiff's paragraph 4.

5. The defendant is without sufficient information to admit or deny the allegations in paragraph 5 and calls upon the plaintiff to prove the same.

6. The defendant admits the allegations in plaintiff's paragraph 6.

7. The defendant admits the allegations in plaintiff's paragraph 7.

8. The defendant admits the allegations in plaintiff's paragraph 8.

9. The defendant denies the allegations contained in paragraph 9.

10. The defendant admits the allegations in plaintiff paragraph 10.

11. The defendant is without sufficient information to admit or deny the allegations in paragraph 11, calls upon the plaintiff to prove the same, and further states that, to the extent that such issue is critical to Cingular Wireless, that the plaintiff has placed such critical issue in jeopardy by its failure to make timely and correct payments under the lease.

## Count I - Declaratory Judgment

12. The plaintiff repeats and reavers his allegations in paragraphs 1 through 11 and incorporates them herein by reference.

13. Plaintiff's paragraph 13 is not an allegation upon which a claim is asserted and therefore no answer is required. To the extent that the Plaintiff's paragraph 13 is interposed to assert subject matter jurisdiction the Defendant admits that this Court has jurisdiction to render declarations pursuant to 28 U.S.C. §§ 2201, 2202 but denies that this Court has jurisdiction to render declarations pursuant to G.L. c. 231 §§ 1-2.

14. The defendant admits the allegations in plaintiff's paragraph 14.

15. The defendant admits that plaintiff's paragraph 15 sets forth the general parameters of the controversy between the parties.

16. The defendant admits the allegations in plaintiff's paragraph 16.

## Count II - G.L. c. 93A §§ 2, 11

17. The defendant repeats and reasserts his answers in paragraphs 1 through 16 and incorporates them herein by reference.

18. The defendant admits the allegations in plaintiff's paragraph 18.

19. The defendant admits the allegations in plaintiff's paragraph 19.

20. The defendant denies the allegations contained in paragraph 20.

21. The defendant denies the allegations contained in paragraph 21.

### FIRST DEFENSE

Pursuant to Fed. R. Civ. P. 11, the plaintiff's counsel signed the Complaint, which includes a claim pursuant to G.L. c. 93A §§ 2, 11 in which the plaintiff, through its counsel, alleged that the defendant fabricated a lease dispute. As set forth *infra*, the plaintiff's allegations are specious and untrue. The signing of the Complaint containing such specious statements constitutes a violation of Fed. R. Civ. P. 11 for which sanctions must be imposed.

By letters dated May 19, 2004 and June 23, 2004 the defendant, through its counsel, notified the plaintiff that it was in default in its lease payments. In his May 19, 2004, the defendant demanded payment. In his June 23, 2004, letter the defendant notified the plaintiff that the Lease was terminated and demanding surrender of the premises.

The plaintiff responded to the June 23, 2004 letter, although not to the May 19, 2004 letter, by letter dated July 1, 2004, and set forth the following excuse for nonpayment:

> the checks have been returned due [sic] an incorrect address".

That excuse is unavailing. The defendant had provided the correct address to the plaintiff by certified letter dated April 15, 2003 with a receipt date of April 21, 2003. The plaintiff had used

3

the correct address consistently since then until approximately February 2004. Beginning with the March 2004 payment, the Plaintiff apparently, and without notice or authority from the Defendant, sent checks to the wrong address rendering all such payments ineffective.

Plaintiff's counsel signed the complaint on or after July 15, 2004, claiming that the lease dispute was fabricated. Two days later, on or about July 17, 2004, the Defendant was provided one "rent" check, dated July 2, 2004. Over a week later, two additional checks bearing the date July 23, 2004 were received by the Defendant. Even before litigation began, the Plaintiff had claimed that it had made payments but that such payments were sent to the wrong address and returned by the Post Office. Not until August 13, 2004, after demands from the Defendant, did the Plaintiff provide any documentation to support its claim that the purported rent had been sent to the Defendant and returned by the Post Office. *See* Exhibit 1.

The documents produced by Plaintiff's counsel are conclusive proof that a legitimate rent dispute has existed.

In accordance with Fed. R. Civ. P. 11(c), the defendant demands that the plaintiff withdraw Count II with prejudice or that the Court immediately dismiss Count II.

### SECOND DEFENSE

The plaintiff has failed to comply with the terms and conditions of the contract and, therefore, the Complaint must be dismissed.

### THIRD DEFENSE

To the extent that the plaintiff is entitled to relief, this Court must award the defendant a setoff against such relief for all amounts for which the plaintiff is in default under the lease.

## FOURTH DEFENSE

The plaintiff has failed to join an indispensable party as required by Mass. R. Civ. P. 19 and therefore the complaint must be should be dismissed.

## FIFTH DEFENSE

The plaintiff's G.L. c. 93A § 2, 11 claims are barred under the principles of estoppel or waiver.

## SIXTH DEFENSE

The plaintiff is barred from equitable relief in that it comes to this action with unclean hands.

## SEVENTH DEFENSE

The Lease terminated upon expiration of the default period and therefore, any payments made subsequently, may only be attributed for payment of use and occupancy by a holdover tenant.

## EIGHTH DEFENSE

Upon default by the Tenant of its obligations under the Lease the Lease terminated and the Tenant is obligated to transfer title to the transmission station to the Landlord.

## NINTH DEFENSE

The plaintiff has failed to file and/or serve the corporate disclosure as required by Fed. R. Civ. P. 7.1 and therefore this action must be dismissed.

## TENTH DEFENSE

The Defendant denies that the Plaintiff has standing to bring the instant action and calls upon the Plaintiff to prove the same.

**WHEREFORE**, the defendant demands that the court dismiss the plaintiff's complaint and award the defendant attorneys fees and costs.

## JURY DEMAND

The defendant demands trial by jury on all issues so triable.

The defendant<br>
By his attorney<br>
<br>
/s/ Gerald S. Garnick<br>
Gerald S. Garnick, BBO# 185920<br>
Lois M. Farmer, BBO# 552142<br>
Alex M. Rodolakis, BBO# 567781<br>
Garnick & Scudder, P.C.<br>
32 Main Street<br>
Hyannis MA 02601<br>
508-771-2320

Date August 18, 2004

**CERTIFICATE OF SERVICE**: I, Gerald S. Garnick, hereby certify that I have served a true copy of the foregoing documents on all parties/counsel of record by forwarding the documents, first class mail postage prepaid, on 8/19/04.

/s/ Gerald S. Garnick, BBO# 185920

6