UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOUTHWESTERN BELL ) <br> MOBILE SYSTEMS LLC, ) <br>     Plaintiff ) <br>     Counterclaim Defendant ) <br> v. ) <br> ) <br> CHRISTOPHER P. KUHN, ) <br>     Defendant ) <br>     Counterclaim Plaintiff ) <br> ) | MOTION TO ACCEPT PAYMENTS <br> WITHOUT PREJUDICE |

The Defendant / Counterclaim Plaintiff Christopher P. Kuhn hereby moves that the Court enter a preliminary order allowing him to accept and cash payments from the Plaintiff / Counterclaim Defendant Southwestern Bell Mobile Systems, LLC ("SBMS") without prejudice to its claims that the Lease between the parties has been terminated on account of the default of SBMS under the terms of the Lease.

In support of his motion, Kuhn incorporates herein by reference his Verified Counterclaim and exhibits thereto and further states as follows:

1. This is an action pertaining to the terms and conditions of a lease of real property owned by Kuhn. Pursuant to the lease, which is attached to the Verified Counterclaim as Exhibit A, the Tenant SBMS was obligated to make monthly payments of rent plus sublease adjustments, as well as real estate taxes and other costs and SBMS was entitled to construct and operate a Transmission Station.

2. Throughout the years of the lease SBMS was occasionally delinquent on the rent payments but would timely cure its performance upon notice. However, beginning in April 2004

1

not only did SBMS again became delinquent but failed to cure its delinquency upon notice.

3.   By letters dated May 19, 2004 (Exhibit B and B-1 to the Counterclaim) and June 23, 2004 (Exhibit C and C-1 to the Counterclaim) Kuhn, through its counsel, notified SBMS that it was in default in its lease payments. In his May 19, 2004, Kuhn demanded payment. In his June 23, 2004 letter Kuhn notified SBMS that the Lease was terminated and demanded surrender of the premises.

4.   SBMS responded to the June 23, 2004 letter, although not to the May 19, 2004 letter, by letter dated July 1, 2004, and set forth the following excuse for nonpayment:

*the checks have been returned due [sic] an incorrect address.*

That excuse is unavailing. Kuhn had provided the correct address to SBMS by certified letter dated April 15, 2003 with a receipt date of April 21, 2003. *See* Exhibit D hereto. Further, SBMS had used the correct address as recently as February 2004 and for approximately one year before that. *See* Exhibit E hereto.

5.   By letter dated July 1, 2004, SBMS forwarded a check dated July 2, 2004, apparently for past rent due. However, that check was not received by Kuhn until July 17, 2004. Sometime thereafter Kuhn received two additional checks, dated July 23, 2004. *See* Exhibit F hereto.

6.   Because SBMS had been in default since April 1, 2004, and pursuant to its notices of default, Kuhn has been unable to cash the checks because he does not want or intend to waive the termination of the Lease.

7.   To date, SBMS continues to enjoy the use and occupancy of the premises notwithstanding its default under the terms of the lease and Kuhn's termination of the lease on account of SBMS's default.

8. Kuhn is entitled, at least as an interim measure, to be able to accept and cash checks from SBMS and to credit such payments to SBMS's use and occupancy of the premises, and to receive monthly payments for SBMS's use and occupancy until further order of the Court.

WHEREFORE Kuhn requests that this Court order that

- Kuhn is entitled to cash checks received from SBMS for its use and occupancy of the premises, without prejudice to its claims that the Lease has been terminated, until further order of the Court;

- SBMS is obligated to continue to render payment for its use and occupancy of the premises so long as it continues to be in possession of the premises or until further order of the Court.

The defendant / counterclaim plaintiff
By his attorney

_____
Gerald S. Garnick, BBO# 185920
Lois M. Farmer, BBO# 552142
Garnick & Scudder, P.C.
32 Main Street
Hyannis MA 02601
508-771-2320

Date August 18, 2004

**CERTIFICATE OF SERVICE**: I, Gerald S. Garnick, hereby certify that I have served a true copy of the foregoing documents on all parties/counsel of record by forwarding the documents, first class mail postage prepaid, on 8/19/04.

_____
Gerald S. Garnick, BBO# 185920

3