UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOUTHWESTERN BELL MOBILE SYSTEMS LLC<br><br>Plaintiff<br><br>v.<br><br>CHRISTOPHER P. KUHN,<br><br>Defendant | Civil Action No.: 04CV11584 PBS |

## REPLY TO AMENDED COUNTERCLAIM

Pursuant to Fed.R.Civ.P. 8(b) and (c) the Plaintiff, Defendant in Counterclaim, Southwestern Bell Mobile Systems LLC ("SBMS"), responds to the numbered paragraphs of the Defendant's, Plaintiff in Counterclaim, Christopher P. Kuhn, Counterclaim as follows:

### PARTIES

1. SBMS is without sufficient information to either admit or deny the allegations contained in Paragraph 1.

2. Admitted.

### FACTUAL BACKGROUND

A.  Description of the Lease.

3. SBMS is without sufficient information to either admit or deny the allegations contained in Paragraph 3.

4. Denied. Answering further, SBMS states that its predecessor in interest entered into the Lease Agreement attached to the Counterclaim as Exhibit A.

5. Denied.

-2-

    6.    SBMS states that the Lease speaks for itself.

    7.    SBMS states that the Lease speaks for itself.

    8.    SBMS states that the Lease speaks for itself.

    9.    SBMS states that the Lease speaks for itself.

    10.    SBMS states that the Lease speaks for itself.

B.    Tenants Default for Non-Payment in Accordance to the Lease.

    11.    Denied. Answering further, SBMS states that on or about April 1, 2004, SBMS began using new vendor payment software. Rent payments continued to be sent to Mr. Kuhn in the usual course. However, due to an error, the new software system sent Mr. Kuhn's rent checks to a prior post office box utilized by Mr. Kuhn. Those rent checks were later returned by the United States Postal Service as undeliverable. Thereafter, the rent checks were reissued to the correct post office box and were sent (and received) to Mr. Kuhn.

    12.    SBMS admits that correspondence dated May 19, 2004 was sent to SBMS. SBMS states that the correspondence speaks for itself.

    13.    SBMS admits that correspondence dated June 23, 2004 was sent to SBMS. SBMS states that the correspondence speaks for itself. SBMS denies that it was in default of the Lease and/or failed to cure any such default.

    14.    SBMS states that the June 23, 2004 correspondence speaks for itself.

    15.    SBMS states that the June 23, 2004 correspondence speaks for itself.

    16.    SBMS admits that correspondence dated July 2, 2004 was sent to SBMS. SBMS states that the July 2, 2004 correspondence speaks for itself.

17. SBMS admits that, prior to its software conversion, it had delivered payments to the Defendant's current post office box address. SBMS is without sufficient information to either admit or deny the remaining allegations contained within Paragraph 17.

18. SBMS is without sufficient information to either admit or deny the allegations contained within sentence one of Paragraph 18. SBMS denies the remaining allegations contained within Paragraph 18.

## Count I
## Breach of Contract

19. SBMS repeats all of the answers set forth in Paragraphs 1 through 18 as if they had been fully set forth herein.

20. Denied.

21. Denied.

## Count II
## Declaratory Judgment – Termination of Lease

22. SBMS repeats all of the answers set forth in Paragraphs 1 through 21 as if they had been fully set forth herein.

23. Paragraph 23 states a conclusion of law to which no response is required.

## Count III
## Demand for an Accounting

24. SBMS repeats all of the answers set forth in Paragraphs 1 through 23 as if they had been fully set forth herein.

25. No response is required to Paragraph 25 to the extent that it is both ambiguous and states a conclusion of law. Answering further, SBMS states that the Defendants allegation regarding "full and complete documentation," is ambiguous and that, as a matter of law, SBMS

asserts that the Agreement does not provide for any such disclosure. To the extent that Paragraph 25 states factual allegations, they are denied.

26. SBMS states that the Lease speaks for itself.

27. SBMS states that the Lease speaks for itself. To the extent that Paragraph 27 states factual allegations, they are denied.

28. Denied. Answering further, SBMS states that it has paid annual increases on the subleases subject to the contractual provision that the Defendant receive only fifty percent of such sublease income.

29. Denied. Answering further, SBMS states that the Defendant never made a demand for additional sublease income, and, accordingly, is barred from claiming any such income pursuant to the terms of the Lease.

30. Paragraph 30 states a conclusion of law to which no response is required. To the extent that Paragraph 30 states factual allegations, they are denied.

### Count IV
### Breach of Contract

27 [SIC]. SBMS repeats all of the answers set forth in Paragraphs 1 through 30 as if they had been fully set forth herein.

28 [SIC]. Paragraph 28 [SIC] states a conclusion of law to which no response is required. To the extent that Paragraph 28 [SIC] contains factual allegations to which a response is required, they are denied.

WHEREFORE, SBMS respectfully requests that this Court:

A. Enter judgment in its favor on all of the Counterclaims asserted by the Defendant;

B. Grant SBMS an award of attorney's fees and costs for having to defend the Counterclaim; and

C.  Enter such other and further relief as this Court deems just and appropriate.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

The Counterclaim fails to state claims upon which relief can be granted.

Second Affirmative Defense

The Counterclaims are barred by the doctrines of waiver and estoppel.

Third Affirmative Defense

The Counterclaims are barred by the doctrine of unclean hands.

Forth Affirmative Defense

The Counterclaims are barred due to the Counterclaim Plaintiff's owned fraud and misrepresentation.

Fifth Affirmative Defense

The Counterclaims are barred because the Counterclaim Plaintiff has suffered no damage.

Sixth Affirmative Defense

The Counterclaims are barred because there is no proximate causation between any damage suffered by Counterclaim Plaintiff and the actions of the Counterclaim Defendant.

Seventh Affirmative Defense

The Counterclaims are barred because damage to the Counterclaim Plaintiff, if any, was the result of the Counterclaim Plaintiff's own conduct.

Eighth Affirmative Defense

The Counterclaims are barred by the doctrines of payment, accord and satisfaction.

Ninth Affirmative Defense

The Counterclaims are barred because the Counterclaim Plaintiff has failed to comply with conditions precedent to the Counterclaim Defendant's obligations under the Lease Agreement.

<u>Tenth Affirmative Defense</u>

The Counterclaims are barred because the Counterclaim Plaintiff failed to mitigate his damages, if any.

<u>Eleventh Affirmative Defense</u>

The Counterclaims are barred because any breach on the part of the Counterclaim Defendants was not material.

**SBMS Demands a Trial by Jury with respect to all claims so triable.**

Respectfully submitted,

Southwestern Bell Mobile Systems LLC

By its attorneys,

_____
Jonathan Sablone, BBO #632998
Juan A. Concepcion, BBO #658908
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Dated: October 20, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document has been furnished to Gerald S. Garnick, Esq., Garnick & Scudder, P.C., 32 Main Street, Hyannis, MA 02601, via first class mail on October 20, 2004.

_____
Jonathan Sablone

BOS1428367.1